UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MARY LEE MOORE AND MARCUS MOORE                                                   PLAINTIFFS

V.                                                        CIVIL ACTION NO. 3:25-CV-500-DPJ-ASH

HINDS COUNTY CHANCERY COURT ADMINISTRATION                       DEFENDANT
AND C.T. CORPORATION

ORDER

Pro se Plaintiffs Mary Lee Moore and Marcus Moore have filed a document titled "Motion: For Change of Venue to Higher Court." Mot. [5]. The Moores say they have "decide[d] to move [this] case to a higher court, because [they] believe that [they] will not have a fair trial in the United States District Court, of the Thad Cochran United States Courthouse." *Id.* Keeping in mind that "[i]t is the substance of the relief sought by a *pro se* pleading, not the label that the [filer] has attached to it, that determines the true nature and operative effect of a [*pro se*] filing," the Court considers all possible interpretations of the Moores' motion. *Hernandez v. Thaler*, 630 F.3d 420, 426–27 (5th Cir. 2011).

The Moores' reference to a "[h]igher [c]ourt" suggests they may intend their filing as a notice of appeal. But the Court has not entered a final, appealable order. Indeed, the docket does not indicate that the Moores have yet served Defendants with process. A notice of appeal is not procedurally proper at this time. Construed as a motion asking the judges assigned to the case to recuse, the Court notes that the Moores' motion contains no legal analysis or basis for a request for recusal. Any request for recusal on this record is denied. If the Moores are seeking a change of venue, it is not clear to which venue they seek transfer. They do not explain whether they wish their case to be heard in another division of the Southern District of Mississippi or another federal district altogether. Regardless, the Moores selected this venue by filing their Complaint

2

here, and they cite no basis or legal authority supporting a change of venue to any other court. If the Moores have decided that they do not wish to pursue their lawsuit in this venue, they may voluntarily dismiss the case without prejudice under Federal Rule of Civil Procedure 41. *See* Fed. R. Civ. P. 41(a)(1)(A)(i) ("[T]he plaintiff may dismiss an action without a court order by filing . . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment . . . .").

In sum, the Moores' motion [5], however construed, is denied.

**SO ORDERED AND ADJUDGED** this the 10th day of September, 2025.

s/ *Andrew S. Harris*
UNITED STATES MAGISTRATE JUDGE
