**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**MARY LEE MOORE, et al.**                                                                                       **PLAINTIFFS**

**VS.**                                                            **CIVIL ACTION NO. 3:25-CV-500-DPJ-ASH**

**HINDS COUNTY CHANCERY COURT**
**ADMINISTRATION, et al.**                                                                                   **DEFENDANTS**

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS CLAIMS**
**AGAINST CT CORPORATION SYSTEM**

Defendant C T Corporation System ("CT Corp."), by and through counsel, submits this Memorandum of Law in Support of its Motion to Dismiss *pro se* Plaintiffs Mary Lee Moore's and Marcus Moore's (collectively, "Plaintiffs") [1] Complaint and states as follows:

### I.     Introduction

In their Complaint, Plaintiffs seek to recover $100,000,000 from Defendants CT Corp. and Hinds County Chancery Court Administration based on their disjointed and incomprehensible collection of allegations about the "whole legal process." Supp. Compl. Doc. [1-1] at 1. As already recognized by this Court, "[t]he specific allegations against [CT Corp.] are unclear," failing to establish a claim upon which relief can be granted. Order [13] at 1; Fed. R. Civ. P. 12(b)(6). Even when affording liberal construction, *pro se* Plaintiffs have asserted no facts from which this Court could reasonably infer that CT Corp. is liable to them for any reason. Because the Complaint is void of any viable claim, CT Corp respectfully requests this Court dismiss Plaintiffs' claims against it with prejudice.

**II.    Background**

Plaintiffs begin their case with an inexplicable list of rules and statutes, most of which are criminal in nature:

> 1005 Embezzlement/Professional Misconduct 1-4.000-/Section 1983 Rule 42 U.S.C. § Liability of Private actors who Conspire with Government Officials/Fraud 18U.S.C. § 1001/ 18U.S.C.§ 1028 Fraud and Related Activity in Connection with Identification Documents)/Conspiracy to commit murder 18 U.S.C. § 1117/The Privacy Act of 1974(5U.S.C.§ 552a.

[1-1] at 1.

Plaintiffs claim that over eight years ago, on May 24, 2017, they filed "a complaint" with the Department of Justice, the Public Corruption and Civil Rights Divisions of the Federal Bureau of Investigation ("FBI"), United States President Donald Trump, and Representative Bennie Thompson. *Id.*[1]  In that "complaint," Plaintiffs allegedly "addressed issues concerning how the [l]egal [s]ystem in Hinds County[,] Mississippi[] is [c]orrupt, and there are attorneys and [j]udges who are committing malicious fraud, [m]isconduct[,] and corrupti[ng] the whole legal process regarding [Marcus Moore's] case." *Id.* And according to Plaintiffs, the "illegal removal" of Mary Lee Moore as her son Marcus Moore's conservator in a state-court matter proves these allegations. *Id.* (citation modified).[2]

In the second paragraph of the Complaint, Plaintiffs briefly mention CT Corp. in connection with another matter in which *pro se* Plaintiff Marcus Moore sued "Ace Insured/Chubb Group of Insurance Companies and United States Federal Government." *Id.*; *see also Moore v.*

---

[1] *See* Plaintiffs' Correspondence to Jeff B. Sessions, U.S. Department of Justice, attached to Complaint as Exhibit A, [1-2].

[2] *See Mary Moore, Conservator of the Person and Estate of Marcus Moore v. Roberts Company, Inc. F/K/A R&M Foods, Inc.*, Case No. 25CI1-08-CV-00644-WLK (Miss. Cir. Ct. 2014).

*Ace Insured/Chubb of Ins. Cos.*, *et al.*, 3:24-CV-254-HTW-ASH (S.D. Miss. 2024).[3] Specifically, Plaintiffs submit:

> On [d]ate and time of Mon[day] July 1, 2024 [at] 10:22[a.m.], Process Server Patrick Persicano, Service Type for Non-Service, Desc. [o]f service[,] Mark at the front desk stated that all services have to go to [C.T. Corporation] . . . for case [*Moore v. Ace Insured/Chubb of Ins. Cos.*, *et al.*, 3:24-CV-254-HTW-ASH (S.D. Miss. 2024)]. [C.T. Corporation], also known as the Corporation Trust Company, is a leading registered agent service that provides legal and compliance solutions for businesses across the United States. They act as a company's official recipient for legal notice, including lawsuits remain[ing] compliant with state requirements. [C.T. Corporation] is a wholly [o]wned [s]ubsidiary of [W]olters Kluwer, a multination information services [c]ompany.

[1-1] at 2. Plaintiffs fail to assert a single claim of wrongdoing against CT Corp. in this paragraph.

In the following paragraph, the "Statement of Claim," Plaintiffs refer to a 2013 letter (the "2013 Letter") sent from one attorney to two others regarding a 2014 Hinds County Circuit Court case in which Mary Moore, as the conservator of Marcus Moore's estate, sued Roberts Company, Inc. *Id.*; *see also* [1-4]. The 2013 Letter concerns the potential settlement of a premises liability matter stemming from when Marcus Moore allegedly slipped on water on the floor of a market in Jackson, Mississippi, and busted his head in 1989, when he was three years old. *See* [1-1] at 2; [1-4]. Again, neither the "Statement of Claim," nor the 2013 Letter contain a single allegation of wrongdoing against CT Corp—nor could one be conceived out of the alleged facts.

In the next paragraph, Plaintiffs claim to have been "stalked [by] different people from state to state" because they filed a complaint against a "[d]ifferent [g]overnment official" for civil rights violations. [1-1] at 2. Plaintiffs contend that, as a result of being stalked, they have suffered

---

[3] There, Judge Wingate dismissed Marcus Moore's *pro se* complaint for failure to timely serve Defendants, failure to respond to a show cause order, and failure to request additional time to do so. *See Moore*, 3:24-CV-254-HTW-ASH, ECF. No. 21. The claims in this matter were also unclear. *See id.*, ECF No. 1.

post-traumatic stress. *Id*. Of note, Plaintiffs do not mention CT Corp in connection with any of these allegations—CT Corp. is plainly not involved.

In fact, the only other reference to CT Corp. in the Complaint is in the final paragraph. There, Plaintiffs claim that "C.T. [Corp.] is in a conspiracy against [Plaintiffs] for [its] own personal gain." *Id*. at 3. But again, Plaintiffs provide zero factual support for this meritless allegation.

Plaintiffs' Complaint clearly fails to assert any valid claims against CT Corp., so any claims against CT Corp. should be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6).

### III. Standard

To overcome a Rule 12(b)(6) motion, Plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Jenkins v. Rankin Cnty., Miss.*, No. 3:23-CV-374-DPJ-ASH, 2024 WL 3526903, at *3 (S.D. Miss. July 24, 2024) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "It follows that where the well pleaded facts do not permit the [C]ourt to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id*. (quoting Fed. R. Civ. P. 8(a)(2)).[4] "This standard simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements." *Id*. (citation modified).

"Dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995)

---

[4] "A pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

(citation modified). Conclusory statements and other "naked assertions devoid of further factual enhancement" are insufficient. *Iqbal*, 556 U.S. at 678 (citation modified). While analyzing the sufficiency of plaintiffs' allegations, a court may not presume plaintiffs' ability to prove facts that are not stated or assume that the defendant has violated laws in ways not alleged. *See Assoc'd. Gen. Contractors of Cal., Inc. v. Cal. St. Council of Carpenters*, 459 U.S. 519, 526 (1983). Additionally, a court may not supply additional factual allegations or legal theories on a *pro se* plaintiff's behalf simply because their pleadings are subject to liberal construction. *See Little v. Eagle Express Fed. Credit Union*, No. 3:24-CV-783-DPJ-ASH, 2025 WL 1627934, at *1 (citation modified); *see also Campbell*, 43 F.3d at 975 (citation modified) ("The [C]ourt is not required to conjure up unpled allegations or construe elaborately arcane scripts to save a complaint.").

**IV.     Analysis**

As demonstrated above, Plaintiffs' Complaint contains no allegations or factual content that could lead the Court to infer that CT Corp. is liable to Plaintiffs for any reason whatsoever. Even under liberal construction, Plaintiffs fail to raise anything more than indecipherable, conclusory allegations that bear no connection to CT Corp.

Plaintiffs assert a conspiracy claim in the final paragraph of the Complaint, but they fail to plead any facts necessary to support such a claim. To succeed on a claim of civil conspiracy against CT Corp., Plaintiffs must show: "(1) the existence of a conspiracy; (2) an overt act in furtherance of that conspiracy; and (3) damages arising therefrom." *Wells v. Shelter Gen. Ins. Co.*, 217 F. Supp. 2d 744, 753 (S.D. Miss. 2002). Yet they have not.

To the extent Plaintiffs' claims could be read to include causes of action against CT Corp. based on one or more of the random rules and/or statutes listed at the beginning of their Complaint, those claims also fail. Many are criminal statutes that have no application in this civil matter. *See*

18 U.S.C. § 1117 (conspiracy to commit murder); "1005" (embezzlement); 18 U.S.C. § 1028 (document fraud). And to the extent any are civil in nature, Plaintiffs have clearly failed to prove any of the elements required to plausibly plead a claim. *See Iqbal*, 556 U.S. at 678.

In all, Plaintiffs' frivolous Complaint fails to state any claim against CT Corp. upon which relief can be granted, and so it should be dismissed with prejudice. *See Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999) (citation modified) ("A complaint is frivolous if it lacks an arguable basis in law or fact.").

## V. CONCLUSION

For the reasons set forth above, Defendant C T Corporation System respectfully requests that the Court grant this Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and enter an order dismissing all claims against it with prejudice. Defendant C T Corporation System also seeks such other and further relief that the Court deems to be just and appropriate under the circumstances.

Respectfully submitted this 3rd day of November, 2025.

                                                **C T CORPORATION SYSTEM**

                                                By: */s/ Norman E. Bailey, Jr.*
                                                     Norman E. Bailey, Jr.
                                                     One of Its Attorneys

OF COUNSEL:
Norman E. Bailey, Jr. (MSB No. 100053)
bbailey@brunini.com
Abigail R. Hunter (MSB No. 106818)
ahunter@brunini.com
BRUNINI, GRANTHAM, GROWER & HEWES, PLLC
The Pinnacle Building, Suite 100
190 East Capitol Street (39201)
Post Office Drawer 119
Jackson, Mississippi 39205
Telephone: (601) 948-3101
Facsimile: (601) 960-6902

## **CERTIFICATE OF SERVICE**

I hereby certify that I have electronically filed the foregoing with the Clerk of this Court using the ECF system, which sent notification of such filing to all registered users.

I also hereby certify that I have this day caused to be served, via U.S. Mail, postage prepaid, the foregoing pleading or paper to:

   Mary Lee Moore, *Pro Se* Plaintiff
   1627 U.W. Clemons Drive
   Birmingham, AL 35214

   Marcus Moore, *Pro Se* Plaintiff
   1627 U.W. Clemons Drive
   Birmingham, AL 35214

   DATED:  November 3, 2025.

                                                            /s/*Norman E. Bailey, Jr.*
                                                            Norman E. Bailey, Jr.

#4022398v1