UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MARY LEE MOORE AND MARCUS MOORE                                    PLAINTIFFS

V.                                                  CIVIL ACTION NO. 3:25-CV-500-DPJ-ASH

HINDS COUNTY CHANCERY COURT ADMINISTRATION                         DEFENDANTS
AND C.T. CORPORATION

ORDER

This case is before the Court, sua sponte, to consider a stay pending a ruling on

Defendant C.T. Corporation's Motion to Dismiss [16].[1] Courts may stay discovery pending a

ruling on a motion to dismiss where "(1) [the] motion[ to dismiss will be] decided on the content

of the complaint only, without regard to facts obtained during discovery; and (2) the motion, if

granted, would dispose of the case, thus avoiding the effort and expense of discovery." *Dowdy &

Dowdy P'ship v. Arbitron Inc.*, No. 2:09-CV-253-KS-MTP, 2010 WL 3893915, at *1 (S.D. Miss.

Sept. 30, 2010) (citing *Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 435–36 (5th

Cir. 1990)). Even if both factors are present, "the issuance of [a] stay is by no means automatic."

*Van Drake v. Nat'l Broadcasting Co., Inc.*, No. 3:04-CV-652, 2004 WL 1144142, at *1 (N.D.

Tex. May 20, 2004) (quoting *Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*, 206

F.R.D. 367, 368 (S.D.N.Y. 2002)). Whether to stay discovery pending resolution of a motion to

dismiss, like all discovery matters, "is committed to the sound discretion of the trial court." *Smith

v. Potter*, 400 F. App'x 806, 813 (5th Cir. 2010) (quoting *Mayo v. Tri-Bell Indus., Inc.*, 787 F.2d

1007, 1012 (5th Cir. 1986)); *see also Garth v. City of Aberdeen*, No. 1:24-CV-70-DMB-RP,

---

[1] Defendant Hinds County Chancery Court Administration has yet to appear, and, as noted in the Court's Order to Show Cause [12], it is not clear that the Moores have served that Defendant with process.

2024 WL 2027419, at *1 (N.D. Miss. May 7, 2024) (ordering sua sponte that discovery be stayed pending ruling on motion to dismiss).

The undersigned concludes that this is an appropriate case to stay discovery pending a ruling on the dispositive motion. If C.T. Corporation's motion is granted, the claims against it may be due to be dismissed in their entirety without the need for discovery. And the motion can be resolved with reference to the Complaint only. Thus, all discovery, including the parties' disclosure obligations, in this case is stayed pending a ruling on the motion to dismiss.

**SO ORDERED AND ADJUDGED** this the 4th day of November, 2025.

s/ *Andrew S. Harris*
UNITED STATES MAGISTRATE JUDGE

2